IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Cameron Hammonds, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 2:18-cv-2499-TMC |
| v. ) | |
| ) | **ORDER** |
| Warden Michael Stephan, ) | |
| ) | |
| Respondent. ) | |

Petitioner Cameron Hammonds, a state prisoner proceeding *pro se*, filed a petition seeking habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Respondent filed a return to the habeas petition, a motion for summary judgment and memorandum of law in support of summary judgment. (ECF Nos. 8, 9). Petitioner filed a response in opposition to summary judgment. (ECF No. 14). Before the court is the magistrate judge's Report and Recommendation ("Report") recommending that Respondent's motion for summary judgment be granted, that the habeas petition be dismissed with prejudice, and that a certificate of appealability be denied. (ECF No. 20 at 20). Petitioner was advised of his right to file objections to the Report. *Id.* at 21. Petitioner has not filed objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, the court finds no clear error and, therefore, adopts the Report (ECF No. 20) and incorporates it herein by reference. Accordingly, the court **GRANTS** Respondent's motion for summary judgment (ECF No. 8) and **DISMISSES** the habeas petition (ECF No. 1) **WITH PREJUDICE**.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 3, 2019